UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM TODD III,

        Plaintiff,                            Hon. Ellen S. Carmody

v.                                             Case No. 1:15-cv-26

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On April 14, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #9).  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 35 years of age on his alleged disability onset date.  (Tr. 133).  He possesses a ninth grade education and worked previously as an industrial truck operator, scrapper operator, and a bulldozer operator.  (Tr. 30, 42).  Plaintiff applied for benefits on April 27, 2012, alleging that he had been disabled since December 21, 2009, due to seizures, panic attacks, anxiety, depression, bi-polar disorder, and status post open reduction and internal fixation (ORIF) of the left tibia. (Tr. 133-34, 161).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 70-132).

On July 9, 2013, Plaintiff appeared before ALJ Luke Brennan with testimony being offered by Plaintiff and a vocational expert.  (Tr. 37-69).  In a written decision dated August 16, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 20-32).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1]  1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

 2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

 3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

 4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

 5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from (1) affective disorder; (2) anxiety disorder; (3) obesity; (4) fracture of the lower extremity; and (5) history of substance addiction disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 22-24). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform "a full range of work at all exertional levels" subject to the following limitations: (1) he cannot climb ladders, ropes, or scaffolds; (2) he must avoid hazards, including dangerous machinery and unprotected heights; and (3) he is capable of performing simple, routine tasks with only simple work related decisions and few work place changes. (Tr. 24).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of

jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the state of Michigan approximately 48,300 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 64-67). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **The Treating Physician Doctrine**

On July 30, 2012, Dr. Niaz Mohammad completed a form concerning Plaintiff's emotional impairments and limitations. (Tr. 436-41). The doctor assessed Plaintiff's mental ability to perform work in twenty-five different areas. (Tr. 438-39). The doctor characterized Plaintiff's abilities as "limited but satisfactory" in eleven categories, "seriously limited, but not precluded" in one category, and "unable to meet competitive standards" in thirteen categories. (Tr. 438-39). Dr. Mohammad also reported that Plaintiff experienced "marked" limitation in the following areas: (1) activities of daily living, (2) maintaining social functioning, and (3) maintaining concentration, persistence, or pace. (Tr. 439). The doctor also reported that Plaintiff suffered "[a] residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate." (Tr. 440). On July 10, 2013, Dr. Mohammad stated that Plaintiff's level of function had, in the year since completing the aforementioned report, continued to decline. (Tr. 484-88). The ALJ afforded

6

only "partial weight" to Dr. Mohammad's opinions. (Tr. 29). Plaintiff asserts that he is entitled to relief because the ALJ failed to articulate good reasons for his decision to afford less than controlling weight to his treating doctor's opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be

"supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

In support of his decision to discount Dr. Mohammad's opinions, the ALJ stated as follows:

> I find Dr. Mohammad's opinions are not supported by his own objective findings or the evidence of record. Dr. Mohammad's treating notes include findings that clearly contradict his opinions expressed in the assessment and questionnaire. Particularly, Dr. Mohammad asserted to the claimant's memory difficulties, which he consistently reported as within normal limits in his progress notes. Therefore, I have assign[ed] the opinions expressed by Dr. Mohammad only partial weight.

(Tr. 29).

The ALJ's vague assertion that the doctor's treatment notes contradict his later opinions is the type of meaningless statement that is simply too ambiguous to permit meaningful review. The only specific rationale offered by the ALJ is that with respect to Plaintiff's memory difficulties, the doctor's opinion contradicted his contemporaneous treatment notes. The ALJ is correct that Dr. Mohammad's treatment notes indicate that Plaintiff was not experiencing memory

difficulties. (Tr. 364-81, 444-47, 467-72). The shortcoming with the ALJ's argument, however, is that Dr. Mohammad did not opine that Plaintiff suffered from disabling memory difficulties.

One portion of the July 30, 2012 report that the doctor completed requested that he "identify [Plaintiff's] signs and symptoms." (Tr. 437). One of the options on this portion of the form was "memory impairment - short, intermediate or long term." (Tr. 437). The doctor did not select that particular option. (Tr. 437). There is no indication in the remaining portions of this report that the doctor considered Plaintiff to suffer from disabling memory problems. For example, the doctor characterized as "limited but satisfactory" Plaintiff's ability to "remember work-like procedures" and "understand and remember very short and simple instructions." (Tr. 438). In his July 2013 statement, Dr. Mohammad stated that Plaintiff "has been having concentration issues and this can lead to memory problems and concentration is actually part of his biological illness where people when they go into depression or anxiety would have difficulty with concentration." (Tr. 484). The ALJ did not, however, identify any shortcoming with the doctor's assessment regarding Plaintiff's difficulties concentrating. In sum, the ALJ's rationale for discounting Dr. Mohammad's opinions is not supported by substantial evidence.

**II.       Severe Impairment**

The record contains evidence that Plaintiff has suffers from a seizure disorder. The ALJ, however, found that such was not a severe impairment because Plaintiff's seizures "were controlled by medication." (Tr. 23). Plaintiff argues that the ALJ erred by failing to find that his seizure disorder constituted a severe impairment.

At step two of the sequential evaluation process, the ALJ must determine whether a claimant suffers from a "severe" impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). If an impairment imposes "more than a minimal effect" on the claimant's ability to perform "basic work activities," the ALJ must find the impairment in question "severe." *Nejat*, 359 Fed. Appx. at 576-77; *Anthony*, 266 Fed. Appx. at 457. However, where a particular ailment or disorder "can be adequately controlled by medication" such is not considered a severe impairment. *See, e.g., Allen v. Commissioner of Social Security*, 498 Fed. Appx. 696, 697 (9th Cir., Nov. 19, 2012). Plaintiff testified at the administrative hearing that he was no longer experiencing seizures because "they're controlled by medication." (Tr. 48-49). Accordingly, this argument is rejected.

**III.       Plaintiff's Residual Functional Capacity**

Plaintiff also argues that the RFC articulated by the ALJ is not supported by substantial evidence. The ALJ's RFC determination is certainly at odds with the opinions expressed by Dr. Mohammed. Because the ALJ has failed to articulate a sufficient rationale for discounting Dr. Mohammed's opinions, the Court is compelled to conclude that the ALJ's RFC determination is, therefore, not supported by substantial evidence. Moreover, as the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

**IV.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.  Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance.  Moreover, there does not exist compelling evidence that Plaintiff is disabled.  Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.  A judgment consistent with this opinion will enter.


Date:  March 3, 2016                                        /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge